Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that by the true intent and meaning of the last will and testament of Peter Waggoner deceased, his widow, Sinah Waggoner, took an estate in fee simple in and to the 500 acres of land in the proceedings mentioned; and she afterwards dying intestate, the same descended to her heirs at law, to wit, her five children her surviving, and MaryE. Waggoner, afterwards Mary E. Harrison, the daughter of her deceased son, Beverley Waggoner; whereby the said Mary E. Harrison acquired title to one undivided sixth part of said land; and she afterwards dying intestate, the said undivided sixth part descended to such of the demandants as were her children and heirs at law.
That the possession of one coparcener or tenant in common being the possession of all, none in possession of the whole subject can avail themselves of such possession, as a defence, under the statute of limitations, against the rest, without an actual disseisin or ouster of their coparceners or cotenants.
That by the true construction of the deed of bargain and sale of the 18th of June 1810, in the proceedings mentioned, executed to the tenant Wilson, by the coparceners of the said Mary E. Harrison, the ancestor of the demandants, the grantors therein sold, conveyed and warranted to the said Wilson only such interest in *22 the said land as was vested in or had been acquired by them; and the said deed did not operate as a disseisin or ouster of the said ancestor of the demandants; nor was such disseisin or ouster effected by the deed of trust proceedings mentioned, of the 19th of June 1810, executed by the tenant Wilson to Berkeley Ward, conveying three undivided fifths of the said land.
That the jury by their special verdict have found no actual disseisin or ouster of the said ancestor of the demandants; and no facts which in point of law constituted such actual disseisin or ouster, unless such effect was produced, in connection with the possession of the whole land by the tenant, by the deed of release to him, from Berkeley Ward and others, of the 26th of October 1813, in the proceedings mentioned; as to which the Court deems it unnecessary to express an opinion.
That though a great lapse of time and other circumstances may warrant the presumption of a disseisin or ouster by one coparcener or tenant in common, of another not labouring under disabilities; yet that in this case the facts found by the jury in their special verdict do not warrant such a presumption; and such a presumption is, moreover, matter of evidence for the consideration of the jury, and not a question of law for the decision of the Court upon a special verdict.
The Court, therefore, without considering what would have been the effect, if any, of the aforesaid deed to the tenant of the 18th of June 1810, upon the question of disseisin or ouster, if the same had purported to convey the whole subject of the coparcenary, embracing absolutely the interest therein of the ancestor of the demandants; and without considering what effect, if any, the institution and continued pendency of the suit in equity in the proceedings mentioned, brought in the year 1831, by the demandants against the tenant, in the Circuit Court of Fauquier, ought to have upon the operation of the statute of limitations, is of opinion that the deman *23 dants have shewn good title to one undivided sixth part of the said 500 acres, and that the tenant has not shewn an adversary possession thereof, if any, for a sufficient length of time to constitute a bar under the statute limitations.
As regards the damages found by the special verdict, the Court is of opinion that, as at common law damages were not recoverable in a writ of right, and the damages authorized by our revised act of 1818 concerning writs of right, 1 Rev. Code, ch. 118, § l, p. 464, are for the tenant’s withholding possession of the tenement demanded ; the legislature must have contemplated such damages as were recoverable for the like wrong in some other kind of action ; and only nominal damages being in practice recoverable in ejectment at the date of that statute, the legislature must have had in view the damages recoverable in the action of trespass for mesne profits, which embrace the whole period during which possession of the land was withheld, down to possession recovered by means of the judgment in ejectment, but which the act of limitations, when pleaded restricts, as to the mesne profits that accrued prior to the action of trespass, to the period beginning five years before that action ; and inasmuch as the damages in a writ of right are not demanded by the count, but may be recovered upon the mise on the mere right; and the tenant has therefore no opportunity of pleading the statute, he ought to be allowed to give it in evidence upon the trial. In this view of the matter, a writ of right combines in effect the two remedies by ejectment and trespass for mesne profits, as they stood at the passage of the revised act of 1818, concerning writs of right. It gives the possession of the land, and the mesne profits from the time that the demandant’s right to the possession accrued, but with a limitation of the mesne profits, prior to the suing out of the writ, to five years, and continuing them down to the time of obtaining possession ; and the result is, *24 where the land and the mesne profits are recovered in ^íe wiat right, by one and the same judgment therein, the extent of the recovery of the damages for mesne Pro^ts bi that action is placed precisely upon the same footing that it is placed in the action of ejectment by the act of the 6th of April 1838, (Sess. Acts 1838, ch. 97, p. 76,) which authorizes the recovery in actions of ejectment of damages for mesne profits, not exceeding five years previous to the commencement of the suit, until the date of the verdict and judgment. And thus, as the law now stands, complete redress is given in one action, (whether the writ of right or the action of ejectment,) the demandant or plaintiff recovering by one suit not only the land itself, but the damages sustained by reason of its detention. The Court is therefore of opinion, that in a writ of right, the demandant may recover mesne profits down to the recovery of possession of the land; but for the time prior to the suing out of the writ, can recover mesne profits for only five years next before.
But the jury by their special verdict, in the event of the demandants being entitled to recover the land in •controversy, find alternatively for them one undivided sixth part, or one undivided fifth part, of the 500 acres, according to the opinion of the Court upon the law of the case ; and then proceed to assess the damages alternatively, but make the alternate sums for damages depend not upon the question whether the demandants are ■entitled to recover one fifth or only one sixth of the •tract, but upon the question whether they are entitled to recover rents and profits from the death of their ancestor, or only for five years prior to the suing out of the writ; and consequently, they have assessed the same amount of damages for withholding only an undivided sixth, as for withholding an undivided fifth of the tract. The special verdict is therefore so defective in regard to the amount of damages, that a correct judgment in re *25 lation thereto cannot be rendered upon it. But the Court is of opinion that the whole verdict ought not for that reason to be set aside, but that an interlocutory judgment ought to be rendered for the demandants for their undivided sixth part of the said 500 acres, the verdiet set aside as to the damages assessed by the jury, and a writ of enquiry awarded as to the damages which the demandants have sustained from the tenant’s withholding possession of the tenement recovered.
Judgment reversed with costs, a judgment for the undivided sixth part of the land, verdict set aside as to the damages, and a writ of enquiry awarded.